[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10704
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00383-CR-2-LSC-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES EUGENE KNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 14, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Charles Eugene Knight appeals the sentences resulting from his conviction

for possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count one), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count two), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (count three).

Although Knight first argues that the district court erroneously denied his post-conviction motion under Federal Rule of Criminal Procedure 35(a) to correct his sentence, we have no jurisdiction to consider this claim under the facts of this case. See United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005).[1] Accordingly, we must dismiss Knight's claim pertaining to the denial of his Rule 35(a) motion.

Knight also argues that the oral pronouncement of the sentences by the district court and the written judgment of sentence were unlawfully inconsistent, ambiguous, vague, and uncertain. We do not find reversible error.

At sentencing, the Judge orally stated:

> I specifically find that . . . the three federal sentences that I've given you are to run consecutive to any other state sentence <u>or any other sentence out</u>

---

[1] Knight followed the same erroneous procedure as did the defendant in <u>Cartright</u>: he filed his appeal and his Rule 35(a) motion on the same day. He then neglected to amend (or file anew) his notice of appeal to include the order denying his motion. Knight has therefore never appealed the denial of his Rule 35(a) motion, and therefore we have no jurisdiction over this claim.

there. . . . [Y]ou may have state sentences that you might either be serving[,] or I don't know what time you are going to get for <u>anything else that might be up here</u>, if anything, but it doesn't matter to me. I am ordering it [to] run <u>consecutive to all those times</u>.

Doc. 52 at 17 (emphasis added). The written judgment stated:

"This sentence shall run consecutively to sentences imposed in Jefferson County Alabama cases DC02-634, DC02-1018, CC05-4816, and <u>any other sentences in state court</u>."

Doc. 42 at 2 (emphasis added).

Knight argues that his sentence is ambiguous because "any other sentence" could refer to state or federal sentences, whether previously imposed, pending, or to be imposed in the future. In considering the totality of this record, we find no inconsistency or ambiguity. Upon questioning from Knight regarding the relationship between the federal sentence and Knight's existing state sentence, the judge responded:

I don't intend for it to being running until he gets back to federal custody. . . . I have ordered it to run consecutive to his state sentence. . . . I have no control over state judges, what they do as far as running any time concurrent with my time, but I am not running my time concurrent with their time."

Doc. 52 at 19-20. After more colloquy on the same issue, the judge again repeated that the federal sentences would "run consecutive to state time, not concurrent to state time." <u>Id.</u> at 21. This record makes clear that the district judge intended the federal sentences he imposed to run consecutive to <u>state</u> sentences. Knight's

3

sentence was therefore neither vague, ambiguous, nor uncertain.

**AFFIRMED.**